**THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| **CONSTRUCTION WORKERS PENSION TRUST FUND LAKE COUNTY AND VICINITY,** | ) ) ) ) |
| **Plaintiff,** | ) |
| **v.** | ) ) |
| **CRI CONSTRUCTION SERVICES, INC.,** **an Indiana Corporation** | ) ) ) |
| **Defendant.** | ) |

## C O M P L A I N T

Plaintiff, CONSTRUCTION WORKERS PENSION TRUST FUND LAKE COUNTY AND VICINITY, by and through their Attorneys, Aaron A. Koonce, of the Law Office of Aaron A. Koonce, and Robert B. Greenberg and Matthew S. Jarka, of Asher, Gittler & D'Alba, Ltd., complaining of the Defendant, CRI CONSTRUCTION SERVICES, INC., an Indiana Corporation, as follows:

### COUNT I

1.      This action is brought under the provisions of Sections 502 (a)(3) and (g)(2) and Section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C., Secs. 1132(g)(2), (a)(3), and 1145.

2.      Jurisdiction in this Court is based upon Sections 502(e)(1) and 502(e)(2) of ERISA [29 U.S.C. Sec. 1132(e)(1) and (e)(2)], which states in relevant part:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

3.      The CONSTRUCTION WORKERS PENSION TRUST FUND LAKE COUNTY AND VICINITY ("Fund") has been established pursuant to collective bargaining agreements heretofore entered into between CONSTRUCTION WORKERS, ("Union") and Defendant, and the Fund is maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable federal law and the Fund is administered pursuant to the terms and provisions of a certain Restated Agreement and Declaration of Trust ("Trust Agreement").

4.   The Fund office is located at 2111 West Lincoln Highway (Route 30), Merrillville, Indiana 46410, and the Fund is administered in the Northern District of Indiana.

5.      As provided in the Trust Agreement, Plaintiff is required to receive, hold and manage all monies required to be contributed to the Fund in accordance with the provisions of the then applicable Collective Bargaining Agreement for the uses and purposes set forth in the Trust Agreement.

6.      Defendant is an employer engaged in an industry affecting commerce and maintains its principal place of business at 7285 W. 600 N. Larwill, Indiana  46764.

7.      Defendant employs or has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the Collective Bargaining Agreement or agreements referred to herein, by the terms of which Defendant was required to contribute to the Funds.

8.      That from October 15, 2018 through December 31, 2019, Defendant has employed, and will continue in the future to employ, diverse number of individuals which are unknown to Plaintiff but are known to Defendant on whose behalf Defendant has routinely failed to report and remit contributions.

9.      Plaintiff is entitled to an accounting from Defendant, said accounting to state the number of individuals regularly employed by Defendant, including those regularly employed on a part-time basis, and the length of time all said individuals were employed by Defendant for the period October 15, 2018 through December 31, 2019.

10.     Plaintiff, in its behalf, and on behalf of all employees for whose benefit the Funds were established, have requested Defendant to submit its books and records for an audit as provided for in the Funds' Trust Agreement, which is incorporated into the Bargaining Agreement, but Defendant has refused and failed to perform as herein alleged.

11.     Plaintiff is without an adequate remedy at law and will suffer immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of his obligations required under the Collective Bargaining Agreement and the Trust Agreement, and is restrained from continuing to refuse to perform as thereunder required.

WHEREFORE, Plaintiff prays:

(a)     That Defendant be compelled to produce such books and records as are required by Plaintiff's auditors, and to pay to Plaintiff any amounts found due and owing in accordance with the applicable provisions of its Collective Bargaining Agreement.

(b)      That Defendant be compelled to account to Plaintiff for contributions due as aforesaid and to pay to Plaintiff any amount found due and owing in accordance with the applicable provisions of its Collective Bargaining Agreement.

(c)      That Plaintiff be awarded its costs, including reasonable attorney's fees incurred in the prosecution of this action as provided in the Collective Bargaining Agreement and under the applicable provisions of ERISA, as amended.

(d)      That interest and/or liquidated damages be assessed against Defendant as provided in the Collective Bargaining Agreement and the applicable provisions of ERISA, as amended.

(e)      For such other and further relief as the Court may determine just and proper.

## COUNT II

12.      Plaintiff incorporates by reference the facts alleged in paragraphs 1-8 of Count I as if set out in full herein.

13. That from October 1, 2019 through January 31, 2020 Defendant has employed and will continue in the future to employee, a diverse number of individuals who are unknown to Plaintiff but are known to Defendant on whose behalf Defendant has failed to report and remit contributions.

14.      Plaintiff is without an adequate remedy at law and will suffer immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the Collective Bargaining Agreement and the Trust Agreement, and is restrained from continuing to refuse to perform as thereunder required.

15.      Defendant's failure to pay in a timely manner is a violation of the Collective Bargaining Agreement and the Trust Agreement.  Plaintiff, therefore, seeks enforcement of these provisions pursuant to Section 502(a)(3),(b)(ii) and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C., Sec. 185(a).

4

16.     For the period October 1, 2019 through January 31, 2020, Defendant has failed to remit its fringe benefit contributions and there is now due Plaintiff an estimated amount of $12,000.00.

17.     Plaintiff has repeatedly requested payment from Defendant as a result of the Defendant's failure to remit proper payments and Defendant has failed or refused to tender payments therefor.

WHEREFORE, Plaintiff prays:

(a)     That judgment enter in favor of Plaintiff and against Defendant in the estimated sum of TWELVE THOUSAND DOLLARS and 00/100 ($12,000.00) or for such amount as determined by audit of Defendant's records for deficiencies in its contribution obligation, liquidated damages and interest due as aforesaid in accordance with the applicable provisions of the Collective Bargaining Agreement.

(b)     That Plaintiff be awarded its costs, including reasonable attorney's fees incurred in the prosecution of this action as provided in the Collective Bargaining Agreement and under the applicable provisions of ERISA, as amended.

(c)     That interest and/or liquidated damages be assessed against Defendant as provided in the Collective Bargaining Agreement and the applicable provisions of ERISA, as amended.

(d)     That Defendant be specifically ordered to furnish to Plaintiff the required monthly contribution reports and payments due thereunder and to continue to perform all obligations on Defendant's part according the terms and conditions of its Collective Bargaining Agreement.

(e)     For such other and further relief as the Court may determine just and proper.

## COUNT III

18.     Plaintiff incorporates by reference the facts alleged in paragraphs 1-8 of Count I as if set out in full herein.

19.     CRI CONSTRUCTION SERVICES, INC., an Indiana Corporation is a contributing employer to the Fund. To that end, monetary contributions from CRI CONSTRUCTION SERVICES, INC., an Indiana Corporation have been and are made to the Fund to provide pension benefits for Underground employees that were or are Fund members, pursuant to collective bargaining agreements and the Fund's operating documents.  Also pursuant to those agreements and documents, from CRI CONSTRUCTION SERVICES as and is obliged to provide a surety bond to ensure payment of CRI CONSTRUCTION SERVICES on-going financial contributions and/or other monetary obligations owing to the Fund

20.     On June 19, 2019, the Fund's attorney, Robert B. Greenberg, sent CRI CONSTRUCTION SERVICES, correspondence, with enclosures, reminding CRI CONSTRUCTION SERVICES of its contractual obligations to provide a bond.  A true and accurate copy of said correspondence is attached hereto and incorporated herein as Exhibit A.

21.     Notwithstanding its obligations to provide the Fund with a $20,000 surety bond, CRI CONSTRUCTION SERVICES has failed and refused to provide such bond.

22.     As of January 14, 2019, CRI CONSTRUCTION SERVICES, Inc., continues to fail and refuse to comply with its obligations to provide the Fund with a $20,000 surety bond.

23.     By refusing to procure the noted $20,000 surety bond, CRI CONSTRUCTION SERVICES, INC., is in violation of its obligations to the Fund.

24.     Short of providing $20,000 in actual monies to be held in a Bond Account for the benefit of the Fund, no adequate remedy at law exists in lieu of CRI CONSTRUCTION SERVICES, INC., provision of a $20,000 surety bond to the Fund.

25.     Short of providing $20,000 in actual monies to be held in a Bond Account for the benefit of the Fund, the harm to the Plaintiff without an order compelling CRI CONSTRUCTION SERVICES to provide a $20,000 surety bond to the Fund is greater than any harm to the Defendant if such an order is entered because, *inter alia*: (1) CRI CONSTRUCTION SERVICES is contractually obliged to provide a $20,000 surety in the first place; (2) provision of a $20,000 surety bond is the only way to protect the Fund's interests in terms of ensuring the payment of on-going contribution and/or other monetary obligations owing to the Fund; and (3) the sought relief would not prohibit any of CRI CONSTRUCTION SERVICES business activities.

**WHEREFORE,** Plaintiff, CONSTRUCTION WORKERS PENSION TRUST FUND LAKE COUNTY AND VICINITY, prays for an entry of judgment for the principal sum of $20,000, to be held by the Fund in a Bond Account or, in the alternative, a Court Order compelling CRI CONSTRUCTION SERVICES to provide a $20,000 surety bond to the Fund, and for reasonable attorneys' fees and litigation expenses, court costs and all other relief that is just and proper in the premises.

Respectfully submitted,

LAW OFFICE OF AARON A. KOONCE, P.C.   ASHER, GITTLER & D'ALBA, LTD.

By:     /s/ Aaron A. Koonce                          By:     /s/ Robert B. Greenberg_____
        AARON A. KOONCE                                      ROBERT B. GREENBERG
        Indiana Attorney Number: 31749-45                    IL ARDC#:  01047558
        Co-counsel for PLAINTIFF                             MATTHEW S. JARKA
        9013 Indianapolis Blvd.                              IL ARDC#: 6322603
        Highland, Indiana  46322                             200 West Jackson Blvd, Suite 720
        (219) 838-9200 (office)                              Chicago, Illinois  60606
        (219) 972-7110 (fax)                                 (312) 263-1500 (office)
                                                             (312) 263-1520 (fax)